SAM TUCKER v. STATE.

[60˙ South. 65]

1. BURGLARY. _Possession of stolen property. Evidence. Res gestae. Witnesses. Evidence before grand jury. Code 1906, section 2710._

On the trial of a defendant for burglary under an indictment charging him with burglary and the larceny of a pistol, it was not error to allow the state to show the finding of the pistol in defendant's possession although the pistol was not the property of the party charged to be the owner in the indictment, it being shown that the pistol was in the storehouse burglarized when the burglary was committed.

2. CRIMINAL LAW. *Evidence. Res gestae.*

On the trial of a defendant for burglary it was not error for the court to permit the state to show that at the time of the burglary an iron safe in the storehouse was blown open with dynamite and money stolen therefrom, although these facts were not mentioned in the

indictment. The breaking of the house and all things done in the house were a part of the *res gestae.*

3. WITNESS. *Impeachment. Evidence before grand' jury. Code 1906, section 2710.*

Under Code 1906, section 2710, so providing, a grand juror may be called as a witness and interrogated concerning testimony given before the grand jury, but it was not error to sustain an objection to a question to a grand juror, where the question propounded erroneously assumed that the witness had testified differently from what the question assumed he testified to, while testifying before the grand jury.

4. CRIMINAL LAW. *Appeal. Record. Exclusion of evidence.*

The action of the trial court in refusing to allow a grand juror to answer questions cannot be complained of on appeal where the record fails to disclose that appellant was injured thereby, it not appearing what counsel expected to prove by the witness.

APPEAL from the circuit court of Perry county.
HON. PAUL B. JOHNSON, Judge.
Sam Tucker was convicted of burglary and appeals.
The facts are fully stated in the opinion of the court.

*W. S. Pierce & Currie & Currie,* for appellant.

The court permitted the state, over the objections of the appellant, to introduce evidence to the effect that the safe situated in said storehouse was blown open and something like three hundred and eighty dollars taken therefrom, together with the pistol alleged in the indictment to have been stolen, and also permitted the pistol to be introduced in evidence over the objections of the appellant on the ground that it was not shown that said pistol was the property of the Mahned Lumber Company, or any member of said partnership. This line of testimony is the basis of the first and second assignments of error.

In larceny ownership must be proved as laid, and where two or more persons own the property stolen, the allegation in the indictment must be according to

the fact. The state will not be permitted to introduce evidence of the larceny of property other than that laid in the indictment, and to do so is error. In this case the testimony clearly shows that the pistol was not the property of the Mahned Lumber Company and that there was no allegation in the indictment with reference to the larceny of any property other than that mentioned in the indictment, yet the court permitted the state to introduce evidence of the larceny of the money from the safe, testimony with reference to the larceny of the pistol (after it had been clearly shown by the state's own witness that it was the property of some third party) and the introduction of the pistol itself in evidence. This is clearly erroneous. *McDowell* v. *State*, 68 Miss. 348.

It is a well-recognized elementary principle of the law of evidence that evidence must correspond with the allegations, and be confined to the point in issue. 1 Greenleaf on Evidence, (15 Ed.), sec. 50. The same author in section 52 says, "This rule excludes all evidence of collateral facts, or those which are incapable of affording any reasonable preesumption or inference as to the principal fact or matter in dispute; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice and mislead them; and moreover the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it." etc.

I respectfully submit that the testimony in this case with reference to the larceny of property other than that mentioned in the indictment falls squarely within this rule and should have been rejected. No evidence should be admitted against a defendant in a criminal prosecution unless it will throw some light upon the guilt or innocence of the defendant, and evidence which can serve no other purpose than to prejudice the minds of the jury against a defendant should be rejected.

I consider the fifth assignment of erorr sufficient to justify a reversal of this case, if it should be admitted

that there were no other errors in this case. The court
flatly refused to permit the defendant in this case to lay
the proper predicate to contradict, or impeach, the wit-
ness, Anderson Walker, by showing that he had made a
different statement before the trial jury from that made
before the grand jury that returned the bill of indictment
in this case.

The court also refused the defendant the right to con-
tradict the witness Humphrey, a witness for the state,
by the witness, Jim Lee, a witness for the defendant,
by showing that the said witness Humphrey had made a
different statement before the grand jury that returned
the indictment against the defendant in this case from
that made and testified to by him before the trial jury.
The court refused to admit the testimony of this witness,
or to permit counsel for defendant to further interrogate
said witness with reverence to what transpired in the
grand jury room while he was a member of that body
and while the said grand jury had under consideration
the case of the state against this appellant. See *Hudson v.
State*, 56 So. 345, and authorities there cited. In the
*Hudson case, supra*, the appellant was tried and con-
victed at the January term, 1911 of the circuit court of
Harrison County for unlawfully retailing liquor, and was
sentenced.

The court said: "In our judgment, the chief assign-
ment of error is as follows:

"The court erred in not permitting the witness, Loren
King, to answer the question, on cross-examination by
the defendant, if he did not say before the grand jury
in Harrison county, Mississippi when this indictment
was found, that he did not buy whisky from the defend-
ant, John Hudson, during the year 1909, or at any other
time." To this question the state objected, and the
objection was sustained by the court. We think this
was error. This witness could not be impeached until
the proper predicate had been laid."

In the case at bar, the witness Anderson Walker was asked if he did not state to the grand jury that returned the bill of indictment in this case against the appellant that he could not and would not undertake to state that the appellant was one of the men whom he and others claim to have seen pass Raglan on the evening before the burglary. To this the state objected and the court refused to premit the witness to answer the question. I submit that this was a very material inquiry. The state was relying to a great extent upon the testimony of Anderson Walker to connect the appellant with the crime charged in fact he is the only witness who can or did undertake to state with any degree of certainty that the appellant was one of the men seen traveling along the railroad in ᐟ that direction that afternoon before the night of the burglary—it goes directly to one of the main points in this case—the question of identity of the accused—and I submit that the court committed fatal error in not permitting said witness to answer the question.

The only difference in the action of the court with reference to the witness, Anderson Walker, and that of his action with reference to the witness, Jim Lee, is this: the witness Walker was a witness for the state and the defendant undertook to lay the proper predicate for impeaching said witness by showing that he had made a different statement before the grand jury to that made by him before the trial jury. This the court refused to do while in the case of the witness Lee, the proper predicate had already been laid and he was put on the stand to contradict said witness. The witness Humphrey was asked on his cross-examination before the trial jury the following question: "Is it not a fact that you testified before the grand jury at the last term of court, when this indictment was found, that all that you know about it was that Sam Tucker told you that he put the charge in the safe?" to which the witness re-

plied: "I do not remember saying that. I think I told the grand jury about what I have told the jury here, as best I remember."

I submit that the *Hudson case, supra,* covers this feature of this case as fully and completely as it is possible for one case to be cited as authority in the trial of another. This line of testimony was certainly relevant and material as it went directly to the credibility of the witness Humphrey.

The trial court seems to have had the idea that the witness Lee would not be allowed to testify as to what was said and done in the grand jury room under any circumstances on account of the fact that said witness was sworn not to reveal any of the secrets of the grand jury of which he was a member. This is certainly an erroneous idea. I know of no law in this state that can be said to support this view; on the other hand, there are numerous authorities holding that to impeach a witness for the state on the trial of an indictment, a member of the grand jury which found the indictment is competent to prove statements made by the witness before the grand jury. Among which may be cited *Rocco* v. *State,* 37 Miss. 357; *State* v. *McPherson,* 114 Iowa, 492, 87 N. W. 421; *State* v. *Benner,* 64 Me. 267; *Com.* v. *Mead,* 12 Gray (Mass.), 167, 71 Am. Dec. 741, and authorities cited in note at the end of the opinion— this case seems to be directly in point—*People* v. *O'Neill,* 107 Mich. 556, 65 N. W. 540; *State* v. *Wood,* 53 N. H. 484; *Jones* v. *Turpin,* 6 Heisk. (Tenn.) 181; *Hines* v. *State,* 37 Tex. Cr. 339, 39 S. W. 935, and other cases all of which are cited in 20 Cyc. 1352-3 under paragraph 2; and I further submit that this proposition is fully covered by the case of *Hudson* v. *State,* 56 So. 345, which is the latest utterance of this court on this proposition. See also 4 Wigmore on Evidence, secs. 2362 and 2363, and notes.

*Geo. H. Ethridge,* assistant attorney-general for the
state.

Appellant in his brief insists that the case should be
reversed ɪbecause of the admission of the evidence that
the pistol and the property were not alleged in the in-
dictment to have been stolen, is reversible error, and
cites the case of *McDowell* v. *State,* 68 Miss. 348. The
McDowell case is not applicable to the case at bar be-
cause that was a case of simple larceny, and of course
in a case of larceny the state would have to prove the
charge as made as to the ownership of the property,
but in a case of burglary, the case is made up of two
things: the breaking and entering being one; and the
intent with which the breaking was made another, and
on that proposition, any testimony that shows the intent
may be offered, and it is immaterial whether the owner-
ship of the property stolen is proved as laid, or whether
there be a variance in this proof. A variance of proof
in the ownership of goods alleged to have been stolen
and the allegations in the indictment is wholly imma-
terial. *Harris* v. *State,* 61 Miss. 304; *Brown* v. *State,*
72 Miss. 990, 18 So. 431.

In the case at bar it was perfectly competent for the
purpose of proving the intent of the breaking to show
that goods were stolen from the buildings, and to show
that the safe was broken open, and to show that items
and articles were taken therefrom, because that would
show the intent of the parties by their acts, and would
make out a case so far as that element was concerned.
In other words, when the breaking is shown, and the
goods were taken, the *corpus delicti* is completely made
out.

It is also competent as bearing on the intent to show
the possession of tools and appliances suitable or neces-
sary for the successful breaking and entry into safes or
buildings. The rule in reference to other crimes being
excluded does not apply where the question of intent

is in issue, and a motive is in issue, and in such cases another crime, independent of the one at bar, may be shown, if it logically tends to make out the case with which appellant is charged. The rule is stated as follows by Abbott in his Criminal Trial Brief, page 514:

"When criminal intent or guilty knowledge in respect to the act is an element in the offense charged, evidence of other acts of the accused manifesting this intent or knowledge is competent notwithstanding it may establish the commission of another offense not charged."

The same rule is recognized, and the principle of when other crimes are admissible in trials of crimes, is discussed in the case of *King* v. *State*, 66 Miss. 502, 6 So. 188. See also, *Cotton* v. *State*, 17 So. 372.

A more serious proposition is presented in the fifth assignment of error, which assignment of error assigns as error the exclusion of the evidence offered by the defendant of a different statement made to the grand jury from what had been testified to on the trial by the witness, Anderson Walker. I think that this was an erroneous ruling, but not necessarily a reversible error.

Argued orally by *N. T. Currie*, and *W. S. Pierce*, for appellant and *Geo. H. Ethridge*, assistant attorney-general, for the state.

Cook, J., delivered the opinion of the court.

Appellant was convicted by the circuit court of Perry county upon an indictment charging him with burglary. There are numerous assignments of error. The burglary of the storehouse of the Mahned Lumber Company is clearly established; but it is contended that the trial court erred in permitting witnesses to testify about a certain pistol, which the witnesses said was locked up in a safe kept in the house at the time of the burglary, because it was shown that the pistol in question was not

the property of the owner of the house. The indict-
ment, in the ordinary form, charged the breaking and
entering with intent to steal the goods, etc., kept in said
storehouse, and further, that appellant did steal one pis-
tol found in said house, the property of the Mahned
Lumber Company.

It is the position of appellant that it was a serious
error to allow witnesses to testify about the pistol, be-
cause the pistol was not the pistol which it is alleged was
the property of the lumber company. This proof, no
doubt, was serious to the defendant; but we think no
error was committed by the court in allowing the proof.
This pistol was traced into the hands of appellant; and,
it being proven that it was taken from the house at the
time of the burglary, it is manifest that its possession
by the defendant tended to prove that he was the one
who committed the burglary. He could not be con-
victed of the larceny of a pistol belonging to the lumber
company by evidence showing that he stole a pistol
belonging to some other person; but evidence of the lar-
ceny of one thing may be intimately related to the lar-
ceny of quite another thing.

The court allowed the witnesses to testify that at the
time of the burglary of the house a certain iron safe,
which stood in the house, was blown open with dynamite,
and the money therein was stolen. 'This is assigned
as error, for the reason that the indictment says nothing
about the blowing open of the safe. This is a very nar-
row view of the scope and purpose of trials in courts
of justice. The breaking of the house, and all things
done in the house, was a part of the *res gestae.*

Without detailing the many objections entered by
appellant's counsel during the trial, we are of opinion
that many of the objections are entirely without merit,
some of them are frivolous, and all are upon immaterial
matters, which could in no way have influenced a jury.
In fact, counsel seemed to be endeavoring to play on the

safe side by objecting to everything; but, to be entirely fair, they permitted witnesses to state their names, without objection.

The court below would not permit evidence to go to the jury as a predicate for contradicting a witness for the state by statements made by the witness to the grand jury investigating this case. If the questions asked the witness were material or competent, there is no question that the court erred in its ruling. The trial court was of opinion that a member of this grand jury could not be interrogated concerning testimony given to the grand jury. This was a rather curious error; but we find that learned and industrious counsel in their briefs have overlooked the statute, but have cited numerous authorities to support their contention that the ruling of the court was wrong, when section 2710 of the Code of 1906 settles the question, and we may therefore excuse the trial judge, harassed as he was, for failing to recall the statute.

We have carefully examined the questions propounded to the witnes as a predicate for contradiction, and if he had been permitted to answer the questions, and if a member, or members, of the grand jury had been called to contradict his answers, the testimony in contradiction would not have been competent, because the questions propounded erroneously assumed that the witness had testified differently from what the questions assumed he testified to while testifying before the grand jury.

Again, it is complained that the court would not permit a member of the grand jury to answer certain questions propounded to him to contradict a witness for the state. The trial court gave the wrong reason for its rulings that the juror could not be permitted to disclose the secrets of the grand jury; but there is nothing in the record from which we can assume that appellant was injured, because it does not appear what it was counsel expected to prove by the witness.

The jury believed the evidence of the state, and this abundantly proved appellant's guilt; indeed, it is difficult to say that the jury could have been justified, if they had rendered a different verdict.

*Affirmed.*